SANDRA R. BROWN
Acting United States Attorney
DOROTHY A. SCHOUTEN
Assistant United States Attorney
Chief, Civil Division
ROBYN-MARIE LYON MONTELEONE
Assistant United States Attorney
Chief, General Civil Section
ERIKA JOHNSON-BROOKS (Cal. Bar No. 210908)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-0474
    Facsimile: (213) 894-7819
    E-mail: Erika.Johnson@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN JILES AND SCOTT CHRISTY,<br><br>Plaintiffs,<br><br>– v. –<br><br>UNITED STATES OF AMERICA, ET AL.,<br><br>Defendant. | No. SACV 16-01433 JVS (JCGx)<br><br>STIPULATION FOR COMPROMISE SETTLEMENT AND DISMISSAL |

**IT IS HEREBY STIPULATED AND AGREED**, by and between Plaintiffs, John Jiles and Scott Christy ("Plaintiffs") Defendant, United States of America ("Defendant"), that the above-captioned action may be settled and compromised on the following terms and conditions:

1.    Plaintiffs and Defendant do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising from the incident or

circumstances giving rise to the above-captioned action, under the terms and conditions set forth in this Stipulation for Compromise Settlement and Dismissal ("Stipulation").

2. The United States of America agrees to pay to Plaintiff Jiles the sum of Ninety-Five Thousand Dollars ($95,000), and Plaintiff Christy the sum of Forty-Five Thousand Dollars ($45,000), which sums shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, known and unknown, foreseen and unforeseen, arising from the incident or circumstances giving rise to this suit, which Plaintiffs and their heirs, executors, administrators, agents, or assigns, and each and any of them, may have or may hereafter acquire, including against the United States of America, its agents, servants, and employees.

3. Plaintiffs for themselves and their heirs, executors, administrators, agents or assigns, and each and any of them, agree to accept the sums set forth in Paragraph 2 as full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, known and unknown, foreseen and unforeseen, arising from the incident or circumstances giving rise to this suit, which Plaintiffs and their heirs, executors, administrators, agents, or assigns, and each and any of them, may have or hereafter acquire, including against the United States of America, its agents, servants, and employees, on account of the same subject matter that gave rise to the above-captioned lawsuit, including without limitation, any claim for personal injury, wrongful death, lost earnings, lost income, medical expenses, property damage, economic damages, or any other type of injury or damage.

4. Plaintiffs for themselves and their heirs, executors, administrators, agents, or assigns, and each and any of them, fully and forever release, acquit and discharge any and all claims, demands, rights, and causes of action of whatsoever kind and nature, known and unknown, foreseen and unforeseen, arising from the incident or circumstances giving rise to this suit, which Plaintiffs and their heirs, executors, administrators, agents, or assigns, and each and any of them, may have or hereafter

acquire, including against the United States of America, its agents, servants, and employees, on account of the same subject matter that gave rise to the above-captioned lawsuit, including without limitation, any claim for personal injury, wrongful death, lost earnings, lost income, medical expenses, property damage, economic damages, or any other type of injury or damage.

      5.     This Stipulation constitutes a general release. As additional consideration for this Stipulation, Plaintiffs for themselves and their heirs, executors, administrators, agents, or assigns, and each and any of them, specifically waive and release any and all known and unknown rights, claims, causes of action or demands which might otherwise be preserved or accrue under Section 1542 of the California Civil Code. Plaintiffs understand that Section 1542 of the California Civil Code provides as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which, if known by him must have materially affected his settlement with the debtor."

Therefore and notwithstanding anything to the contrary herein, Plaintiffs for themselves and their heirs, executors, administrators, agents, or assigns, and each and any of them, explicitly release any and all claims, including against the United States of America, its agents, servants, and employees, which Plaintiffs do not know or suspect to exist in their favor at the time they execute this Stipulation and which would have materially affected this settlement if such claim or claims had been known.

      6.     Plaintiffs for themselves and their heirs, executors, administrators, agents, or assigns, and each and any of them, further agree to reimburse, indemnify and hold harmless the United States of America, its agents, servants, and employees, from any and all causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from this or further litigation or the prosecution of claims by Plaintiffs or their heirs, executors, administrators, agents, or assigns against any third party or against

the United States of America, its agents, servants, and employees, arising out of the incident or circumstances giving rise to this suit.

7. This Stipulation shall not constitute an admission of liability or fault on the part of the United States of America, its agents, servants, and employees, and is entered into by all parties herein for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation.

8. It is also agreed, by and among the parties, that the sums of Ninety-Five Thousand Dollars ($95,000) for Plaintiff Jiles and Forty-Five Thousand Dollars ($45,000) for Plaintiff Christy represent the entire amount of the compromise settlement, and that the respective parties will each bear their own costs, fees, and expenses, and that any attorney's fees owed by the Plaintiffs will be paid out of the settlement amount and not in addition thereto.

9. It is also understood, by and among the parties, that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 per cent of the amount of the compromise settlement.

10. Payment of the settlement will be made by two checks in the total amounts listed below:

| Name | Amount |
|---|---|
| John Jiles, and Kusion and Campana | $ 95,000 |
| Scott Christy, and Kusion and Campana | $45,000 |

Plaintiffs' attorney agrees to distribute the settlement proceeds to Plaintiffs.

11. Plaintiffs for themselves and their heirs, executors, administrators, agents, or assigns, and each and any of them, agree that Plaintiffs are solely responsible for paying any and all outstanding liens not withdrawn by lien holders, from any and all insurance companies, health care providers, experts, consultants, attorneys, and any and

all other persons or organizations who have or claim to have liens or subrogated assigned claims arising out of or related to the subject matter of this suit.

12. In consideration of the terms set forth in this Stipulation, the parties agree that the above-captioned action is dismissed in its entirety with prejudice and with each party bearing its own fees, costs, and expenses.

13. The parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and Plaintiffs expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

14. Any and all individual taxation consequences as a result of this stipulation are the sole and exclusive responsibility of Plaintiffs. The United States of America does not warrant any representation of any tax consequences of this Stipulation. Nothing contained herein shall constitute a waiver by Plaintiffs of any right to challenge any tax consequences of this Stipulation.

15. This written stipulation contains all of the agreements between the parties, and is intended to be and is the final and sole agreement between the parties. The parties agree that any other prior or contemporaneous representations or understandings not explicitly contained in this written stipulation, whether written or oral, are of no further legal or equitable force or effect. Any subsequent modifications to this Stipulation must be in writing, and must be signed and executed by the parties.

16. The undersigned represent that they have reviewed and understand this Stipulation, that they are fully authorized to enter into the terms and conditions of this Stipulation, and that they enter into the Stipulation freely and voluntarily and agree to be bound thereby.

///

17. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

Dated: May ___, 2017  KUSION & CAMPANA

See attached signature page
DAVID E. CAMPANA, ESQ.

Attorneys for Plaintiffs John Jiles and Scott Christy

Dated: May ___, 2017

See attached signature page
JOHN JILES
Plaintiff

Dated: May ___, 2017

See attached signature page
SCOTT CHRISTY
Plaintiff

Dated: June 14, 2017  SANDRA R. BROWN
Acting United States Attorney
DOROTHY A. SCHOUTEN
Assistant United States Attorney
Chief, Civil Division
ROBYN-MARIE LYON MONTELEONE
Assistant United States Attorney
Chief, General Civil Section

__/s/ Erika Johnson-Brooks

ERIKA JOHNSON-BROOKS
Assistant United States Attorney

Attorneys for Defendant
United States of America

17. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

Dated: May 31, 2017

KUSION & CAMPANA

_____
DAVID E. CAMPANA, ESQ.

Attorneys for Plaintiffs John Jiles and Scott Christy

Dated: May ___, 2017

_____
JOHN JILES
Plaintiff

Dated: May 31, 2017

_____
SCOTT CHRISTY
Plaintiff

Dated: May ___, 2017

SANDRA R. BROWN
Acting United States Attorney
DOROTHY A. SCHOUTEN
Assistant United States Attorney
Chief, Civil Division
ROBYN-MARIE LYON MONTELEONE
Assistant United States Attorney
Chief, General Civil Section

_____
ERIKA JOHNSON-BROOKS
Assistant United States Attorney

Attorneys for Defendant
United States of America

6

17. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

Dated: May 31, 2017

KUSION & CAMPANA

_____
DAVID E. CAMPANA, ESQ.

Attorneys for Plaintiffs John Jiles and Scott Christy

Dated: May 31, 2017

_____
JOHN JILES
Plaintiff

Dated: May ___, 2017

_____
SCOTT CHRISTY
Plaintiff

Dated: May ___, 2017

SANDRA R. BROWN
Acting United States Attorney
DOROTHY A. SCHOUTEN
Assistant United States Attorney
Chief, Civil Division
ROBYN-MARIE LYON MONTELEONE
Assistant United States Attorney
Chief, General Civil Section

_____
ERIKA JOHNSON-BROOKS
Assistant United States Attorney

Attorneys for Defendant
United States of America

6